IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE M. DUBLE<br>3500 Vintage Terrace<br>Olney, Maryland 20832<br><br>    Plaintiff<br><br>    v.<br><br>DISTRICT HOSPITAL PARTNERS, LP<br>(d/b/a THE GEORGE WASHINGTON<br>UNIVERSITY HOSPITAL)<br>900 23rd Street, N.W.<br>Washington, DC 20037<br>*Serve:* CT Corporation<br>1015 15th Street, N.W.<br>Washington, DC 20005<br><br>    and<br><br>MEDICAL FACULTY ASSOCIATES,<br>INC.<br>2150 Pennsylvania Avenue, N.W.<br>Washington, DC 20037<br>*Serve:* CSC<br>1090 Vermont Avenue, N.W.<br>Washington, DC 20005<br><br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:  Case No.: 071145<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# **COMPLAINT**

COMES NOW the Plaintiff, Catherine M. Duble, by and through her attorneys, THE LAW OFFICES OF W. SCOTT SONNTAG, P.A. and MICHAEL H. BERESTON, P.A., and hereby sue the Defendants, District Hospital Partners, LP (d/b/a The George Washington University Hospital) and Medical Faculty Associates, Inc., and for cause of action states as follows:

1. The amount in controversy exceeds the jurisdiction limit of the District Court of Maryland and exceeds the jurisdictional threshold limit of the United States District Court for the District of Columbia.

2. Venue for this cause of action is proper in the United States District Court for the District of Columbia as there is diversity jurisdiction pursuant to 28 U.S. Code, §1332 and the matter in controversy exceeds the jurisdictional threshold.

3. The Plaintiff, Catherine M. Duble, is an adult citizen and resident of the State of Maryland.

4. The Defendant, District Hospital Partners, LP (d/b/a The George Washington University Hospital), is a limited partnership licensed to do business in the District of Columbia. It is the legal entity that owns and operates The George Washington University Hospital located at 900 23rd Street, N.W., Washington, D.C.

5. The Defendant, Medical Faculty Associates, Inc., is a corporation licensed to do business in the District of Columbia. It is the employer of the physicians, physician extenders and all other health care providers other than those actual agents of the Co-Defendant who treated the Plaintiff at all times relevant to the cause of action asserted herein.

6. On or about September 4, 2003, the Plaintiff, Catherine M. Duble, was admitted to the George Washington University Hospital on the service of Steven A. Bielamowicz, M.D., an MFA surgeon, for the purpose of undergoing surgery for stenosis of her larynx.

7. On the day prior to admission, and at the request of the Defendant Health Care Providers, the Plaintiff's primary care physician, Christopher Mays, M.D., faxed to George Washington University Hospital pre-surgical clearance documents including an EKG, laboratory values and, most significantly, a chest x-ray that had been performed the day before on

September 2, 2003. The medical records from George Washington University Hospital document that the x-ray, together with the pre-surgical clearance documents, were faxed to George Washington University Hospital by Dr. Mays' office on September 3, 2003 at 2:58 p.m.

8. Based on the documents submitted by Dr. Mays, the Defendant health care providers, acting individually, and by and through their respective agents, servants and employees concluded that the Plaintiff, Catherine M. Duble, was an acceptable surgical risk. Consequently, the contemplated surgery took place on September 4, 2003 without incident. The surgery was performed by Dr. Bielamowicz.

9. Unfortunately, the neither the Defendant health care providers individually, nor any of their agents, servants or employees, advised the Plaintiff that although the documents submitted by Dr. Mays supported the conclusion that she was an acceptable surgical risk, the chest x-ray also indicated in pertinent part as follows:

> *"Retrosternal density seen on the lateral view which will require further evaluation with CT scan."*

10. Indeed, this x-ray report and the recommendation therein by the radiologist for further follow up for CT scan was **never** communicated to the Plaintiff or any of her other health care providers. It was discovered accidentally many months after the Plaintiff was diagnosed with Stage III-B incurable lung cancer nearly two years later.

11. More specifically, nearly two years later on July 13, 2005 a CT scan for suspected pulmonary embolism was performed at Montgomery General Hospital in Olney, Maryland. The impression read in pertinent part as follows:

> *"A large cavatary infiltrate or mass extending from the right hylum anteriorly, involving the anterior segment of the right upper lobe."*

12. The CAT scan finding as above noted led to the prompt diagnosis of Stage III-B nonsmall cell lung carcinoma. This, by definition, is incurable.

13. The Plaintiff thereafter began a complicated, painful, frightening and life threatening course of chemotherapy, radiation and surgery (including the removal of an entire lung) to fight her battle with advanced lung disease. She continues to fight this battle at present.

14. At all times relevant to this action the Defendants, District Hospital Partners, LP (d/b/a The George Washington University Hospital) and Medical Faculty Associates, Inc., and each of them, had a duty to conform their conduct to the national standard of care expected and required of reasonably competent and reasonably prudent health care providers under the circumstances then existing. Unfortunately, they did not. Contrary to the prevailing national standard of care, the Defendants, acting individually, as well as by and through their agents, servants and employees, and acting as agents of each other, departed from the standard of care in the following particulars, among others:

    a. failure to follow up with the radiologist recommendation, indeed, requirement, that a CAT scan be ordered and performed to evaluate the suspicious finding identified in the September 2, 2003 plain view films of the chest as reported by Community Radiology Associates, Inc. and as provided to these Defendants on September 3, 2003 at 2:58 p.m.;

    b. failure to advise the Plaintiff that she needed to immediately submit herself to Community Radiology Associates, Inc., or another radiology office, for the performance of a CAT scan to evaluate the "retrosternal density" identified on the report of Community Radiology Associates, Inc. dated September 2, 2003;

4

      c.    failure to provide the Plaintiff, Catherine M. Duble, with a full, complete and legally sufficient informed consent concerning the radiology report provided to these Defendants by Community Radiology Associates, Inc. by the Plaintiff's primary care physician on September 3, 2003 at 2:58 p.m.;

      d.    these Defendants were otherwise negligent.

## COUNT I
### (Medical Negligence)

15.    Plaintiff, Catherine M. Duble, adopts and incorporates all of the allegations and assertions of fact set forth in each of the individually numbered paragraphs above as if fully repeated below and further avers as follows:

16.    As a direct and proximate result to the aforesaid acts of negligence and malpractice and with no negligence contributing thereto on her part, the Plaintiff, Catherine M. Duble, has been caused to suffer extensive, permanent and ongoing mental and physical pain, suffering, distress, fear, anxiety, disfigurement and embarrassment. She has incurred in the past, continues to incur, and will incur into the future prohibitively high medical and related costs and expenses. She has suffered a life time of lost wages and wage earning capacity.

17.    The Defendants' conduct took the Plaintiff from a statistical probability of cure for cancer to a statistical likelihood that she will succumb to the cancer within the next few years.

18.    The Plaintiff has suffered all of the injuries described in the previously numbered paragraphs and respectfully makes claim for all other and further injuries and damages recoverable under the common law and the statutory law of the District of Columbia, including loss of household services.

WHEREFORE, the Plaintiff, Catherine M. Duble, demands judgment from and against the Defendants, District Hospital Partners, LP (d/b/a The George Washington University

Hospital) and Medical Faculty Associates, Inc., jointly and severally, in the amount of twenty million dollars.

          Respectfully Submitted,

          **Law Offices Of W. Scott Sonntag, P.A.**

By:_____
    W. Scott Sonntag
    D.C. Bar No.: 296889
    Belle Point Office Park
    7841 Belle Point Drive
    Greenbelt, Maryland 20770
    301-982-1254

          **Michael H. Bereston, P.A.**

By:_____
    Michael H. Bereston
    D.C. Bar No.: 429462
    8 Fleet Street, 2nd Floor
    Annapolis, Maryland 21404-2990
    410-269-5011

## **REQUEST FOR JURY TRIAL**

COMES NOW the Plaintiff, Catherine M. Duble, by and through her attorneys, LAW OFFICES OF W. SCOTT SONNTAG, P.A. and MICHAEL H. BERESTON, P.A., and respectfully requests a jury trial on all above-referenced matters.

_____
W. Scott Sonntag

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1  U.S. Government Plaintiff
2  U.S. Government Defendant
3  Federal Question (U.S. Government Not a Party)
4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. *Antitrust*
410 Antitrust

### B. *Personal Injury/ Malpractice*
310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*
151 Medicare Act

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*    OR    F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| **G.** *Habeas Corpus/ 2255*<br><br>**530 Habeas Corpus-General**<br>**510 Motion/Vacate Sentence** | **H.** *Employment Discrimination*<br><br>**442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)**<br><br>*(If pro se, select this deck)* | **I.** *FOIA/PRIVACY ACT*<br><br>**895 Freedom of Information Act**<br>**890 Other Statutory Actions (if Privacy Act)**<br><br>*(If pro se, select this deck)* | **J.** *Student Loan*<br><br>**152 Recovery of Defaulted Student Loans (excluding veterans)** |
|---|---|---|---|
| **K.** *Labor/ERISA (non-employment)*<br><br>**710 Fair Labor Standards Act**<br>**720 Labor/Mgmt. Relations**<br>**730 Labor/Mgmt. Reporting & Disclosure Act**<br>**740 Labor Railway Act**<br>**790 Other Labor Litigation**<br>**791 Empl. Ret. Inc. Security Act** | **L.** *Other Civil Rights (non-employment)*<br><br>**441 Voting (if not Voting Rights Act)**<br>**443 Housing/Accommodations**<br>**444 Welfare**<br>**440 Other Civil Rights**<br>**445 American w/Disabilities-Employment**<br>**446 Americans w/Disabilities-Other** | **M.** *Contract*<br><br>**110 Insurance**<br>**120 Marine**<br>**130 Miller Act**<br>**140 Negotiable Instrument**<br>**150 Recovery of Overpayment & Enforcement of Judgment**<br>**153 Recovery of Overpayment of Veteran's Benefits**<br>**160 Stockholder's Suits**<br>**190 Other Contracts**<br>**195 Contract Product Liability**<br>**196 Franchise** | **N.** *Three-Judge Court*<br><br>**441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>**YES**    **NO** |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | **YES**    **NO** | If yes, please complete related case form. |

**DATE**              **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV. CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.