IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE M. DUBLE, | : |
| Plaintiff, | : |
| v. | : Case No.: 07-cv-01145 |
| DISTRICT HOSPITAL PARTNERS, LP (d/b/a THE GEORGE WASHINGTON UNIVERSITY HOSPITAL), *et al.*, | : |
| Defendants. | : |

## JOINT RULE 16.3 STATEMENT

Pursuant to LCvR 16.3(d) and this Court's Order for Initial Scheduling Conference entered on August 7, 2007, plaintiff, Catherine M. Duble, and defendants, District Hospital Partners, LP d/b/a/ The George Washington University Hospital and Medical Faculty Associates, Inc. (collectively "the parties), by and through their respective counsel, submit this Joint Rule 16.3 Statement, and state, as follows:

### I.   Statement of the Case

Plaintiff, Catherine Duble, has alleged medical negligence by defendants, District Hospital Partners, LP d/b/a/ The George Washington University Hospital, and Medical Faculty Associates, Inc., relative to her diagnosis of stage III-B non-small cell lung cancer in July 2005. Defendants have denied all allegations of negligence as plead by plaintiff in this case.

### II.   Matters Set Forth in Local Rule 16.3(c)

(1)   At present, the parties cannot evaluate whether or not this case could be disposed of by dispositive motion. No dispositive motions are presently before this Court, and no dispositive motions have been filed in this case.

(2) At present, the parties do not anticipate joining any other parties to this case, however, the parties have not ruled out the possibility that additional parties could be added to this case based on information obtained during the course of discovery. The parties believe that amendments to the pleadings should be governed by the standards set forth in Federal Rule of Civil Procedure 15 and the case law interpreting that Rule. At this time and until discovery is completed, the parties are not aware of any factual or legal issues that could be agreed upon, other than what defendants have admitted in their respective answers to plaintiff's Complaint. At the conclusion of discovery, the parties will attempt to reach agreements on any undisputed factual or legal issues.

(3) At present, the parties do not believe that this case should be assigned to a United States Magistrate Judge for all purposes, including trial.

(4) At present, the parties are not in a position to resolve this matter through settlement. Counsel for the parties will certainly consider and discuss the possibility of resolving this matter through settlement as this case proceeds through discovery.

(5) The parties have discussed the Court's ADR procedures. At present, the parties do not believe that this case would benefit from any ADR program and at this time the parties do not agree to arbitration or neutral evaluation. To the extent that any formal ADR should take place, the parties believe that ADR should only occur after the deadline for dispositive motions. The parties will, of course, comply with any Court Order for ADR, and to the extent that this Court deems ADR to be warranted, the parties would prefer to proceed before a private mediator selected by the parties versus mediation before a United States Magistrate Judge.

(6) At present, the parties cannot evaluate whether or not this case could be disposed of by summary judgment or motion to dismiss. The parties would like to reserve the right to file

2

dispositive motions, oppositions, and replies in accordance with the deadlines set forth in the Proposed Scheduling Order, attached hereto.

(7) The parties will stipulate to dispense with the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

(8) The parties have attached a Proposed Scheduling Order.

(9) The parties do not believe that any revisions are necessary to the requirements governing the exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2).

(10) The present case does not involve a class action.

(11) At present, the parties do not believe that the trial or discovery should be bifurcated or managed in phases.

(12) The parties believe that a Pretrial Conference should be scheduled for sometime during December, 2008, and propose a date of December 12, 2008.

(13) The parties believe that a trial date should be set at the Initial Scheduling Conference and propose a 7 day trial beginning January 12, 2009, if available.

(14) At present, the parties have not identified any other matters they believe may be appropriate for inclusion in a Scheduling Order.

III. **Discovery Plan**

The parties anticipate employing the standard discovery mechanisms as set forth in Federal Rules of Civil Procedure 26 through 36. Proposed deadlines governing the completion of discovery are set forth in the attached Proposed Scheduling Order. The parties have no additional proposals at this time.

Respectfully submitted,

_____/S/_____
W. Scott Sonntag, Esquire
(D.C. Bar No.: 296889)
Belle Point Office Park
7841 Belle Point Drive
Greenbelt, MD 20770
301-982-1254
Counsel for Plaintiff

Respectfully submitted,

_____/S/_____
H. Kenneth Armstrong, Esquire
(D.C. Bar No.: 320507)
Erica C. Mudd, Esquire
(D.C. Bar No.: 500785)
Armstrong, Donohue, Ceppos
  & Vaughan, Chartered
204 Monroe Street, Suite 101
Rockville, MD 20850
301-251-0440
Counsel for Defendant Medical Faculty Associates, Inc.

Respectfully submitted,

_____/S/_____
Michael H. Bereston, Esquire
(D.C. Bar No.: 429462)
8 Fleet Street, 2nd Floor
Annapolis, MD 21401
410-269-5011
Counsel for Plaintiff

Respectfully submitted,

_____/S/_____
Thomas V. Monahan, Jr., Esquire
(D.C. Bar No.: 457213)
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
410-783-4000
Counsel for Defendant District Hospital Partners, LP ((d/b/a The George Washington University Hospital)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHERINE M. DUBLE,        :
                           :
        Plaintiff,        :
                           :
v.                         :  Case No.: 07-cv-01145
                           :
DISTRICT HOSPITAL PARTNERS, LP  :
(d/b/a THE GEORGE WASHINGTON    :
UNIVERSITY HOSPITAL), *et al.*, :
                           :
        Defendants.       :

## PROPOSED SCHEDULING ORDER

This matter having come before this Court for an Initial Scheduling Conference, and the Court having considered the Joint Rule 16.3 Statement submitted by the parties through their respective counsel, it is hereby **ORDERED** that the parties will comply with the following schedule:

| | |
|---|---|
| Deadline for Rule 26(a)(1) Disclosures: | WAIVED |
| Deadline for First Set of Interrogatories and Document Requests: | 11/01/07 |
| Deadline for Plaintiff's Expert Report and Designation: | 01/31/08 |
| Deadline for Defendants' Expert Reports and Designations: | 04/30/08 |
| Deadline for Close of Discovery: | 08/29/08 |
| Deadline for Dispositive Motions: | 09/30/08 |
| Deadline to Oppose Dispositive Motions: | 10/15/08 |
| Deadline to Reply to Oppositions to Dispositive Motions: | 10/31/08 |

Pretrial Conference:                                                      12/12/08

Trial:                                                            01/12/09 – 01/20/09

                                                          _____
                                                          Judge, United States District Court
                                                          for the District of Columbia

Copies to:

W. Scott Sonntag, Esquire
Belle Point Office Park
7841 Belle Point Drive
Greenbelt, MD 20770

Michael H. Bereston, Esquire
8 Fleet Street, 2nd Floor
Annapolis, MD 21401

H. Kenneth Armstrong, Esquire
Erica C. Mudd, Esquire
Armstrong, Donohue, Ceppos & Vaughan, Chartered
204 Monroe Street, Suite 101
Rockville, MD 20850

Thomas V. Monahan, Jr., Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202